# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

KEVIN FONDA GILL                                                                           PLAINTIFF

v.                                                                         CIVIL CASE NO. 1:19cv16-RP

COMMISSIONER OF SOCIAL SECURITY                                                  DEFENDANT

## JUDGMENT

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for a period of disability and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law; and having heard oral argument; and for the reasons below and for those announced on the record at the conclusion of the parties' oral argument in this matter, finds as follows:

The Commissioner's decision is not supported by substantial evidence because in his decision the ALJ failed to address whether a hand-held assistive device, specifically a cane, is medically required for the plaintiff to stand or walk. To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for such a device to aid in standing or walking and describing the circumstances for which it is needed. SSR 96-9P (S.S.A.), 1996 WL 374185, at *7 (1996). Although a doctor's prescription would certainly constitute relevant medical documentation of the need for a hand-held assistive device, other medical records should be considered as well. *See McGowan v. Colvin,* No. 2:15-CV-144-

MTP, 2016 WL 4250433, at *6 (S.D. Miss. 2016) (discussing lack of prescription or other records establishing medical necessity of cane).

In this case, the plaintiff testified that a physician prescribed his cane, that he has used it ever since the accident that caused the injury resulting in his allegedly disabling foot impairment, and that he uses the cane all the time. Although the plaintiff's medical records do not appear to contain a physician's prescription for the cane, per se, the clinical notes from Ortho Trauma reflect that the plaintiff was expected to wean off his walker to a cane or nothing and later noted that he had advanced to a cane. Notes from subsequent visits make no mention of a cane, but neither do they reflect improvement of the plaintiff's foot impairment. Ultimately surgical options were discussed, but the plaintiff elected against surgery because, as he testified at the administrative hearing, he could not afford it.

The court believes there is sufficient evidence in the record, including medical documentation, regarding the plaintiff's need for a cane to warrant at least some discussion by the ALJ as to whether a cane is medically necessary. *See McGowan*, 2016 WL 4250433, at *5 (affirming ALJ's exclusion of need for cane from RFC where "the ALJ addressed the medical necessity of Plaintiff's cane throughout his decision"). The need for a cane was a distinct issue at the administrative hearing in this case, as the VE testified, in response to a hypothetical including the need for a cane while standing or walking, that such an individual would be limited to sedentary work. A sedentary RFC would have resulted in a finding of disabled under the grid rules. Nonetheless, in his decision the ALJ offered no discussion regarding his apparent conclusion that a cane is unnecessary, without which discussion the court is unable to review the Commissioner's decision for substantial evidence.

This case is remanded to the Commissioner for a reevaluation of the plaintiff's

application that addresses the medical necessity of a hand-held assistive device to aid in walking or standing.

SO ORDERED, this the 4th day of October, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE